Name DAVID G. GEFFEN, #129342
Address 530 Wilshire Blvd., Suite 205
City, State, Zip Santa Monica, CA 90401
Phone (310) 434-1111
Fax (310) 434-1115
E-Mail geffenlaw@aol.com

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| JOSE R. MARTINEZ, CHRISTINA BUCHANAN, PLAINTIFF(S), v. WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida corporation, DEFENDANT(S). | CASE NUMBER: SACV11-00214 –JVS (RNBx) AMENDED NOTICE OF APPEAL |
|---|---|

NOTICE IS HEREBY GIVEN that JOSE R. MARTINEZ and CHRISTINA BUCHANAN hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
Defendant's Motion for Attorneys Fees and Costs
Plaintiff's Motion for Attorneys Fees and Costs
☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on September 9, 2013. Entered on the docket in this action on September 9, 2013.

A copy of said judgment or order is attached hereto.

September 17, 2013
Date

Signature /s/
☐ Appellant/ProSe  ☒ Counsel for Appellant  ☐ Deputy Clerk

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)  NOTICE OF APPEAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00214-JVS (RNBx) | Date | September 9, 2013 |
| Title | Jose R. Martinez, et al. V. The Walt Disney co., et al. | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| Ellen Matheson for Karla J. Tunis | | Deborah Parker |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| David Geffen (by Phone) | | Mark Litvak |
| | | Kelly Craven |

**Proceedings:** Defendant's Motion for Attorney Fees and Costs (Fld 5-10-13)
Plaintiff's Motion for Attorney Fees (Fld 5-10-13)

Cause called and the parties make their appearances. The Court's tentative ruling is issued. The Court and parties confer. The tentative ruling becomes the order of the Court, as follows:

On May 10, 2013, Defendant Walt Disney Parks and Resorts U.S., Inc. ("Disney") filed a Motion for Attorneys' Fees and Costs. ("Disney's Fee Motion," Docket No. 204.) Also on May 10, 2013, Plaintiff Jose Martinez ("Martinez")[1] filed a Motion for Reasonable Attorney's Fees and Costs. ("Martinez's Fee Motion," Docket Nos. 205, 207.)[2] On June 6, 2013, both parties filed opposition. (Docket Nos. 213-14.) On June 20, 2013, both parties filed a reply. (Docket Nos. 215-16.)

On July 12, 2013, the Court granted the parties' oral motion to continue the hearing until July 29, 2013 so that they could continue settlement discussions.[3] (Docket

---

[1] The other plaintiff is Martinez's wife, Christina Buchanan ("Buchanan"). The Court refers to Martinez and Buchanan collectively as "Plaintiffs." Only Martinez is moving for an award of attorney fees and costs.

[2] The Court GRANTS Martinez's Request for Judicial Notice (Docket No. 206) pursuant to Federal Rule of Evidence 201(b).

[3] The Court had issued a tentative ruling before the hearing on July 12, 2013. At the hearing the parties asked the Court not to rule on the pending motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00214-JVS (RNBx) | Date | September 9, 2013 |
| Title | Jose R. Martinez, et al. V. The Walt Disney co., et al. | | |

No. 218.) At the hearing on July 29, 2013, however, the parties informed the Court that they had not reached a settlement agreement. The Court ordered the parties to file supplemental briefs no later than August 12, 2013, and any responses to the supplemental briefs no later than August 26, 2013. (Docket No. 222.) The parties timely filed their supplemental briefs and responses. (Docket Nos. 225-29.)

## I. Background

Most of Plaintiffs' claims were resolved in the Court's Order dated November 26, 2012, which provides the underlying facts of this case. The Court ordered partial summary judgment in favor of Disney and against Plaintiffs on the following claims:

- Martinez's claim that Disney discriminated against Martinez on the basis of his disability during Plaintiffs' visit to Disneyland on November 27, 2009 by denying Martinez full and equal access to its public facilities, in violation of his rights under Title III of the ADA and California Civil Code sections 51 and 54 *et seq.* relating to the incident at Disneyland's "It's A Small World" attraction;

- Martinez's claim that Disney discriminated against Martinez on the basis of his disability during Plaintiffs' visit to Disneyland on November 27, 2009 by denying Martinez full and equal access to its public facilities, in violation of his rights under Title III of the ADA and California Civil Code sections 51 and 54 *et seq.* relating to Disneyland's number and distribution of family or companion restrooms;

- Martinez's claim that Disney discriminated against Martinez on the basis of his disability during Plaintiffs' visit to Disneyland on November 27, 2009 by denying Martinez full and equal access to its public facilities, in violation of his rights under Title III of the ADA and California Civil Code Sections 51 and 54 *et seq.* relating to Disneyland's attraction-specific and park-wide evacuation training, policies and plans; and

- Buchanan's claims that Disney discriminated against Buchanan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-00214-JVS (RNBx)                    Date   September 9, 2013

Title   Jose R. Martinez, et al. V. The Walt Disney co., et al.

> because of her relationship or association with an individual with a disability, Martinez, during Plaintiffs' visit to Disneyland on November 27, 2009 by denying Buchanan full and equal access to its public facilities, in violation of Buchanan's rights under Title III of the ADA and California Civil Code sections 51 and 54 *et seq.* relating to the incident at Disneyland's "It's A Small World" attraction, Disneyland's number and distribution of family or companion restrooms, and Disneyland's attraction-specific and park-wide evacuation training, policies and plans.

(Docket No. 141.)

On March 19, 2013, a bench trial began to resolve Plaintiffs' few remaining claims. At the close of Plaintiffs' case-in-chief, pursuant to Disney's Federal Rule of Civil Procedure 52(c) motion, the Court ordered judgment in favor of Disney and against Buchanan on her claims of negligence and premises liability. On April 12, 2013, the Court ordered judgment in favor of Disney and against Martinez on the following claims:

- Martinez's claim that Disney discriminated against Martinez on the basis of Martinez's disability during Plaintiffs' visit to Disneyland on November 27, 2009 by failing to remove architectural barriers in existing facilities when such removal is and was readily achievable, and denying Martinez full and equal access to its public facilities, in violation of Martinez's rights under Title III of the ADA and California Civil Code Sections 51 and 54 *et seq.* relating to the presence of cots in Disneyland's First Aid Station;

- Martinez's claim that Disney discriminated against Martinez on the basis of Martinez's disability during Plaintiffs' visit to Disneyland on November 27, 2009 by failing to remove architectural barriers in existing facilities when such removal is and was readily achievable, and denying Martinez full and equal access to its public facilities, in violation of Martinez's rights under Title III of the ADA and California Civil Code Sections 51 and 54 *et seq.* relating to the presence of signage on the exterior of Disneyland's First Aid Station; and

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00214-JVS (RNBx) | Date | September 9, 2013 |
| Title | Jose R. Martinez, et al. V. The Walt Disney co., et al. | | |

- Martinez's claim that Disney discriminated against Martinez on the basis of Martinez's disability during Plaintiffs' visit to Disneyland on November 27, 2009 by failing to remove architectural barriers in existing facilities when such removal is and was readily achievable, and denying Martinez full and equal access to its public facilities, in violation of Martinez's rights under Title III of the ADA and California Civil Code Sections 51 and 54 *et seq.* relating to the presence of signage in the interior of Disneyland's First Aid Station.

The Court ordered judgment in favor of Martinez and against Disney on the following claims:

- Martinez's claim that Disney discriminated against Martinez on the basis of Martinez's disability during Plaintiffs' visit to Disneyland on November 27, 2009 by failing to remove architectural barriers in existing facilities when such removal is and was readily achievable, and denying Martinez full and equal access to its public facilities, in violation of Martinez's rights under Title III of the ADA and California Civil Code Sections 51 and 54 *et seq.* relating to the counter in Disneyland's First Aid Station;

- Martinez's premises liability claim; and

- Martinez's negligence claim.

The Court ordered Disney to pay damages to Martinez in the amount of $4,000 for the premises liability and negligence claims, and to pay statutory damages to Martinez in the amount of $4,000 under California Civil Code section 52 for the claim relating to the counter in Disneyland's First Aid Station. (Docket No. 202.)[4]

---

[4] Plaintiffs' claims for relief pursuant to California Business and Professions Code section 17200, negligent infliction of emotional distress, and strict liability were dismissed with prejudice pursuant to a stipulation of the parties. Plaintiffs' other claims for violation of Title III of the ADA and California Civil Code sections 51 and 54 *et seq.* for failure to remove architectural barriers were resolved through a stipulated settlement agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   SACV 11-00214-JVS (RNBx)                              Date   September 9, 2013

Title   Jose R. Martinez, et al. V. The Walt Disney co., et al.

## II. Legal Standards

### A. Attorney Fees

Under the "American Rule," a prevailing party is not entitled to recover attorney fees absent a statutory or contractual "fee-shifting" provision. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). However, the Americans with Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"), and the California Disabled Persons Act ("DPA") all provide such a statutory provision.

The ADA provides that the court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Similarly, the Unruh Act provides that "[w]hoever denies, aids, or incites a denial, or makes any discrimination contrary to [California Civil Code] Section 51, 51.5, or 51.6" is liable for statutory damages and "any attorney's fees that may be determined by the court in addition thereto." Cal. Civ. Code § 52(a). Finally, the DPA provides that "[a]ny person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in [California Civil Code] Sections 54 and 54.1" is liable for statutory damages and "any attorney's fees that may be determined by the court in addition thereto." Cal. Civ. Code § 54.3(a).

The calculation of attorney fees is guided by the "lodestar/multiplier" analysis. Ketchum v. Moses, 24 Cal. 4th 1122, 1134 (2001); see also Hensley v. Eckerhart, 461 U.S. 424 (1983). "[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'" Ketchum, 24 Cal. 4th at 1131–32 (alteration in original) (quoting Serrano v. Priest, 20 Cal. 3d 25, 48 (1977)). In determining reasonable compensation, courts "must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." Id. at 1132 (quoting Serrano, 20 Cal. 3d at 48).

To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999). The court may raise or lower the lodestar based on several factors:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00214-JVS (RNBx) | Date | September 9, 2013 |
| Title | Jose R. Martinez, et al. V. The Walt Disney co., et al. | | |

(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Fischel v. Equitable Life Assurance Society, 307 F.3d 997, 1007 n.7 (9th Cir. 2001). However, the court must be cautious not to adjust the lodestar figure based on any of the foregoing factors that are subsumed into the original lodestar calculation. Morales v. City of San Rafael, 96 F.3d 359, 364, 364 n.9 (9th Cir. 1996).

    B.    Costs

Federal Rule of Civil Procedure 54 states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); see also 42 U.S.C. § 12205; L.R. 54-1. The "prevailing party" is the party "in whose favor judgment is rendered, unless otherwise determined by the Court." L.R. 54-1. Courts typically award costs to whichever party prevails in "the substantial part of the litigation." See O.K. Sand & Gravel, Inc. v. Martin Marietta Techs., Inc., 36 F.3d 565, 572 (7th Cir. 1994) (internal quotation marks and citation omitted).

## III. Discussion

    A.    Prevailing Party Status

Martinez prevailed against Disney on only three claims at trial. The Court ordered Disney to pay damages to Martinez in the amount of $4,000 for the premises liability and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00214-JVS (RNBx) | Date | September 9, 2013 |
| Title | Jose R. Martinez, et al. V. The Walt Disney co., et al. | | |

negligence claims,[5] and to pay statutory damages to Martinez in the amount of $4,000 under California Civil Code section 52 for the claim relating to the counter in Disneyland's First Aid Station.[6] In addition, Martinez obtained relief through a stipulated settlement agreement, whereby Disney agreed to remove numerous alleged architectural barriers within Disneyland.

Disney successfully defended against almost all of Martinez's disability-discrimination claims, including those relating to (1) the incident at Disneyland's "It's A Small World" attraction; (2) Disneyland's number and distribution of family or companion restrooms; (3) Disneyland's attraction-specific and park-wide evacuation training, policies and plans; (4) the presence of cots in Disneyland's First Aid Station; (5) the presence of signage on the exterior of Disneyland's First Aid Station; and (6) the presence of signage in the interior of Disneyland's First Aid Station. Disney also successfully defended against all of Buchanan's claims.[7]

Martinez's success was extremely limited in light of Plaintiffs' overall litigation objectives, as evinced by the Second Amended Complaint.[8] Contrarily, Disney

---

[5] The Court reduced the damages on Martinez's premises liability and negligence claims by 20 percent because of Martinez's contributory negligence and failure to mitigate his damages.

[6] The Court awarded Martinez the statutory minimum amount of damages on his claim relating to the counter in Disneyland's First Aid Station. See Cal. Civ. Code 52(a).

[7] Martinez notes that Plaintiffs entered into a settlement agreement with Disney before the Court's decision at trial, whereby Disney agreed, *inter alia*, to make modifications to the First Aid Station. (Pl.'s Supp. Br. 15.) Regardless of what modifications Disney voluntarily agreed to make therein, these claims were tried and the Court found in favor of Disney.

[8] Martinez did not prevail on "his [one] ADA discrimination claim." (See Pl.'s Opp'n Br. 5.) Rather, he prevailed on one of several disability-discrimination claims. See, e.g., White v. GMRI, Inc., No. CIV-S-04-0465 DFL CMK, 2005 U.S. Dist. LEXIS 44231, at *16 (E.D. Cal. Aug. 22, 2005) (treating alleged ADA violations as "different and unrelated claims"). Indeed, the Court has consistently treated Plaintiffs' disability-discrimination claims as distinct claims. (See generally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  SACV 11-00214-JVS (RNBx)  Date  September 9, 2013

Title  Jose R. Martinez, et al. V. The Walt Disney co., et al.

successfully avoided a potentially large judgment on several disability-discrimination claims. Accordingly, although both parties prevailed on some claims, Disney ultimately prevailed in the substantial part of the litigation.[9]

### B. Disney's Fee Motion

Disney contends that "as the prevailing party on almost all of Plaintiffs' claims, [it] is entitled to an award of all of its reasonable costs related to its defense of Plaintiffs' claims and for its fees as to those ADA claims that lacked adequate foundation." (Def.'s Mot. Br. 3.) Disney suggests that the Court simply offset any award of attorney fees and costs it finds appropriate for Disney with any award of attorney fees and costs it finds appropriate for Martinez. (Id.)[10]

#### 1. *Attorney Fees*

Disney moves for attorney fees under the ADA. (Def.'s Mot. Br. 3.) When the defendant is the prevailing party in a civil rights action, it may be awarded attorney fees only if "the plaintiff's action was frivolous, unreasonable or without foundation." Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). "An action is frivolous if it lacks an arguable basis in law or in fact, though it need not be brought in bad faith." Jones v. Wild Oats Mkts., Inc., 467 F. Supp. 2d 1004, 1007 (quoting Peters v. Winco Foods, Inc., 320 F. Supp. 2d 1035, 1037 (N.D. Cal. 2004)).

---

Judgment.)

[9] In his supplemental brief, Martinez argues that Buchanan, not Disney, is the prevailing party for purposes of the cost award. (Pl.'s Supp. Br. 18.) But Buchanan did not prevail on any of her claims at summary judgment or at trial. To the extent that she was a party to the settlement agreement, her success was extremely limited. Regardless, Buchanan is not moving for attorney fees or costs.

[10] The proposed "offset approach" has been used by this Court, see Tibble v. Edison Int'l, No. CV 07-5359 SVW (AGRx), 2011 U.S. Dist. LEXIS 94995, at *2 (C.D. Cal. Aug. 22, 2011), and is discussed in detail *infra*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00214-JVS (RNBx) | Date | September 9, 2013 |
| Title | Jose R. Martinez, et al. V. The Walt Disney co., et al. | | |

Disney argues that "most of Plaintiffs' claims easily satisfy this test." (Def.'s Mot. Br. 4.) The Court finds that some of Plaintiffs' claims were frivolous. Plaintiffs' claims relating to family or companion restrooms were frivolous because they lacked an arguable basis in law. Plaintiffs did not cite any legal authority—other than Title III's general "full and equal enjoyment" language—to support their arguments that Disneyland lacks a sufficient number of family or companion restrooms, and that the family or companion restrooms that Disneyland does have are not appropriately spread throughout the park.[11] (Partial Summ. J. Order at 11.) Likewise, Plaintiffs' claims relating to Disneyland's attraction-specific and park-wide evacuation training, policies and plans were frivolous because they lacked an arguable basis in law. Plaintiffs did not cite any legal authority to support their argument that all of Disneyland's evacuation routes, including its "secondary routes," must be fully accessible.[12] (Id. at 12.) The Court does not find the rest of Plaintiffs' claims to be frivolous, unreasonable, or without foundation.

Disney is entitled to reasonable attorney fees for successfully defending against Plaintiffs' frivolous disability-discrimination claims. Disney requests attorney fees in the amount of $455,122.49. (Litvak Decl. ¶ 4, Docket No. 226-1.) The Court must determine whether this amount is reasonable.

    a.    Hourly Rates

---

[11] Martinez acknowledges that the "ADA does not explicitly address [f]amily restrooms in an amusement park," but contends that "[w]here specific guidance does not exist, courts apply the 'full and equal' enjoyment standard." (Pl.'s Supp. Br. 11.) However, Martinez fails to acknowledge that another district court recently held that the ADA does not require any unisex restrooms. See Thill v. Olmsted County, No. 08-CV-4612 (PJS/JSM), 2010 WL 3385234 (D. Minn. Aug. 24, 2010).

[12] In his supplemental brief, Martinez cites Baughman v. Walt Disney World Co., 685 F.3d 1131 (9th Cir. 2012), and Or. Paralyzed Veterans of Am. v. Regal Cinemas, Inc., 339 F.3d 1126 (9th Cir. 2003). (Pl.'s Supp. Br. 11.) However, neither case addressed family or companion restrooms, or secondary evacuation routes. Martinez also cites Communities Actively Living Independent & Free v. City of L.A., No. CV 09-0287 CBM (RZx) (C.D. Cal. Feb. 10, 2011), a Title II case. Title II applies only to "public entities."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00214-JVS (RNBx) | Date | September 9, 2013 |
| Title | Jose R. Martinez, et al. V. The Walt Disney co., et al. | | |

Disney's counsel's average hourly rates were $495 for attorneys and $125 for paralegals. (Litvak Decl. ¶ 5.) The Court, based on its familiarity with rates charged by other lawyers with similar experience and skill in this community, finds these rates to be reasonable.[13] Indeed, the Ninth Circuit Court of Appeals and other courts within this District have found hourly rates exceeding those proposed by Disney's counsel to be reasonable. E.g., Nadarajah v. Holder, 569 F.3d 906, 917 (9th Cir. 2009); Pom Wonderful, LLC v. Purely Juice, Inc., No. CV 07-2633 CAS (JWJx), 2008 U.S. Dist. LEXIS 110460, at *11-12 (C.D. Cal. Sept. 22, 2008).

      b.    Hours Expended

Disney has separated its request for attorney fees into three categories: (1) fees related to the cross-motions for summary judgment; (2) fees related to ADA experts; and (3) fees related to fact discovery. (Def.'s Supp. Br. 3; Litvak Decl. ¶ 3.) Disney's counsel expended 274.3 hours of attorney time and 8.4 hours of paralegal time on work related to the cross-motions for summary judgment. (Litvak Decl. ¶ 10.) Disney's counsel expended 248.45 hours of attorney time on work relating to ADA experts. (Id. ¶ 11.) Disney's counsel does not specify the number of hours related to fact discovery, but claims to have incurred $573,347.40 in attorney fees for such work. (Id. ¶ 13.)

The Court has reviewed the billing records submitted in support of Disney's request for attorney fees. None of the hours expended by Disney's counsel appear to be unnecessary or duplicative. (See Litvak Decl. Ex. 2.) Furthermore, Mark Litvak, lead counsel for Disney, explains that his law firm routinely adjusts billing before invoices are prepared to reduce time that was potentially duplicative. (Litvak Decl. ¶ 9.) As Disney recognizes, though, it is entitled to only a portion of its attorney fees because the Court has determined that only two of Plaintiffs' three asserted claims were frivolous. Disney suggests that the Court should award it 67 percent of its attorney fees relating to the cross-motions for summary judgment and ADA experts, which amounts to $174,115.41. (Litvak Decl. ¶¶ 10-11.) With respect to fact discovery, Disney suggests that the Court should award it 44 percent of its attorney fees, which amounts to $281,007.08. (Litvak

---

[13] The Court has reviewed the background and qualifications of each attorney and paralegal who worked on this case for Disney. (See Litvak Decl. ¶ 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00214-JVS (RNBx) | Date | September 9, 2013 |
| Title | Jose R. Martinez, et al. V. The Walt Disney co., et al. | | |

Decl. ¶ 13.)[14]

The Court finds Disney's suggested apportionment to be reasonable. See Traditional Cat Ass'n v. Gilbreath, 340 F.3d 829, 834 (9th Cir. 2003) ("[T]he impossibility of making an exact apportionment does not relieve the district court of its duty to make some attempt to adjust the fee award in an effort to reflect an apportionment."). The Court may use estimates in calculating and allocating an attorney's time. Id. Based on Disney's counsel's detailed billing records, the Court finds that the proposed apportionments roughly track the amount of work that had to be done to defend against Plaintiffs' frivolous claims. (See Litvak Decl. Ex. 2.) Notably, a significant portion of the cross-motions for summary judgment dealt with the family or companion restrooms, and the evacuation training, policies and plans. Mark Litvack has also declared under oath that, in his estimation, these apportionments are roughly accurate. (Litvack Decl. ¶¶ 8, 10-13.)[15] The Court is not surprised by the number of hours expended by Disney's counsel. Plaintiffs asserted several claims that were broad in scope and litigated them all the way through trial with the utmost vigor.

Accordingly, the Court concludes that Disney is entitled to attorney fees in the amount of $455,122.49.

### 2. *Costs*

---

[14] Disney requests 67 percent of its summary judgment fees and ADA expert fees because two of Plaintiffs' three primary claims were found to be frivolous—the claims relating to family or companion restrooms, and the claims relating to evacuation training, policies and plans. Disney suggests that about 67 percent of its counsel's fees for fact discovery relate to issues decided in the parties' cross-motions for summary judgment. Of that amount, approximately 67 percent of the fees relate to Plaintiffs' frivolous claims. 67 percent of 67 percent is about 44 percent. (See Litvak Decl. ¶ 8.)

[15] Martinez challenges this approach. However, as the United States Supreme Court has explained, "[t]he essential goal in shifting fees . . . is to do *rough justice*, not to achieve auditing perfection." Fox v. Vice, 131 S. Ct. 2205, 2210 (2011) (emphasis added); see also Hensley, 461 U.S. at 437 (explaining the determination of attorney fees and costs is not supposed to result in a "second major litigation"). Martinez is asking the Court, and Disney, to achieve auditing perfection.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00214-JVS (RNBx) | Date | September 9, 2013 |
| Title | Jose R. Martinez, et al. V. The Walt Disney co., et al. | | |

Disney, as the prevailing party, is also entitled to recover the costs incurred in successfully defending against Plaintiffs' claims. See Fed. R. Civ. P. 54(d)(1). Disney requests $51,670.75 in costs. (Def.'s Supp. Br. 7.) This amount includes (1) $29,325.29 paid by Disney to its ADA expert, Joan Stein, and (2) two-thirds of all pre-summary judgment costs incurred by Disney, which amounts to $33,351.29. (Id.)

The Court has reviewed Disney's costs, as detailed in Mark Litvak's declaration (Litvak Decl. Ex. 2), and concludes that the requested costs are reasonable.

### D. Martinez's Attorney Fees & Costs

Martinez requests $361,837 in attorney fees and $66,526.69 in costs, totaling $428,363.69. (Pl.'s Supp. Br. 17, 19; Geffen Decl. ¶¶ 2-3, 7.) Disney contends that this amount, although significantly reduced from Martinez's initial request for attorney fees and costs, is still inappropriately high. (Def.'s Response Br. 7-9.) The Court need not determine whether the amount of attorney fees and costs requested by Martinez is reasonable. As discussed *supra*, Disney is entitled to attorney fees and costs in the amount of $506,793.24, an amount greater than that requested by Martinez. Disney has agreed to simply offset the awards of attorney fees and costs so that each party ultimately bears its own costs. (Def.'s Mot. Br. 6.)[16]

### E. Offset of Attorney Fees & Costs

The Ninth Circuit has affirmed the availability of offsetting attorney fees and costs. See Tibble v. Edison Int'l, No. 11-56628, 2013 U.S. App. LEXIS 5663 (9th Cir. Mar. 21, 2013). The Court finds this approach to be particularly fair and reasonable here. Although Disney prevailed in the substantial part of the litigation and had to defend against some frivolous claims, Plaintiffs filed this action in an effort to ensure that visitors to

---

[16] The Court has found that Martinez is entitled to attorney fees and costs in proportion to his extremely limited success. The Court declines to award Martinez attorney fees under Cal. Code. Civ. Proc. § 1021.5. Martinez had a personal stake in this litigation—and therefore was not acting as a private attorney general—because he sought thousands of dollars of compensatory, statutory, and punitive damages for himself.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00214-JVS (RNBx) | Date | September 9, 2013 |
| Title | Jose R. Martinez, et al. V. The Walt Disney co., et al. | | |

Disneyland, regardless of their physical abilities, will have a safe and enjoyable experience. Offsetting attorney fees and costs recognizes Disney's success in this case without unnecessarily deterring future disability-discrimination actions.

## IV. Conclusion

Disney's request for an offset of attorney fees and costs is GRANTED. Accordingly, neither party is to receive any attorney fees or costs.

IT IS SO ORDERED.

|  |  | 00 | : | 07 |
|---|---|---|---|---|
|  | Initials of Preparer | enm | | |